NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SAM GRAPHICS, INC., | : | |
| | : | |
| Plaintiff, | : | Civ. No. 09-3355 (AET) |
| | : | |
| v. | : | **MEMORANDUM & ORDER** |
| | : | |
| Rudy COSTA, | : | |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

THOMPSON, United States District Judge

This matter is before the Court upon Defendant's Motion to Transfer Venue from the District of New Jersey to the Eastern District of New York.  After considering the submissions of both parties, the Court finds that a transfer of venue would not serve the interests of justice and therefore the motion is denied.

**I.      Background**

**A.      Costa's Employment with Sam Graphics, Inc.**

Plaintiff Sam Graphics, Inc. is a New Jersey corporation which provides marketing solutions for public and private school fund-raising projects.  Defendant Rudy Costa is a resident of New York and a former employee of Plaintiff.  Defendant and Robert Klepner, president and sole shareholder of Plaintiff, initially discussed Defendant's potential employment after meeting at an industry trade show in Atlantic City, New Jersey.  Defendant began working as a salesperson for Plaintiff in February 2008, primarily servicing accounts in the Brooklyn, New

York area.  Defendant also worked with accounts in the other four boroughs of New York City, New York and in Union City, New Jersey.

Defendant alleges that he was forced to terminate his employment with Plaintiff after Plaintiff cut his salary by $20,000 a year, in violation of their employment agreement.  The terms of the agreement are still in dispute.  Plaintiff alleges that Defendant failed to reimburse it for expenses incurred when Defendant terminated his employment.  In addition, Plaintiff argues that Defendant tortiously diverted business away from Plaintiff to his current employer.  Defendant is now employed by Cherrydale Farms Fundraising ("Cherrydale"), a competitor of Sam Graphics, Inc..

### B.    Initial Action

On May 8, 2009, Plaintiff filed this action against Defendant in the Superior Court of New Jersey, Law Division, Monmouth County.  Plaintiff's complaint alleged that Defendant breached his contract and implied covenant of good faith and fair dealing by failing to reimburse Plaintiff for expenses incurred and failing to pay back pre-paid commissions.  In addition, Plaintiff alleged that Defendant diverted Plaintiff's customers to a competitor, resulting in a breach of his duty of employment loyalty and tortious interference with the employment contract.

### C.    Removal

On July 7, 2009, the action was removed from state court to the District of New Jersey pursuant to 28 U.S.C. § 1332 and 2 U.S.C. § 1441(b).  Diversity jurisdiction was properly established under 28 U.S.C. § 1332.  Plaintiff is a New Jersey corporation, Defendant is a New York resident, and the amount in controversy exceeds the sum of $75,000.

### D.    Motion to Transfer Venue

On July 27, 2009, Defendant moved to transfer venue from the District of New Jersey to

the Eastern District of New York. Defendant argues that the Eastern District of New York is the most convenient forum and will best serve the interests of justice because he is a New York resident, the majority of his work was performed in New York, and the witnesses he will call are in New York. In contrast, Plaintiff argues that the Eastern District of New York is no more convenient than the District of New Jersey because Plaintiff is a New Jersey resident, will be calling witnesses primarily from New Jersey, and the distance between New York and this Court in New Jersey is relatively small.

## II.    Analysis

A civil action may be transferred "to any other district . . . where it might have been brought" in the interests of justice and the convenience of parties and witnesses. 28 U.S.C. § 1404. A civil action may be brought wherever "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a). Venue is proper in the District of New Jersey. New Jersey is where the Plaintiff resides, where the contract was negotiated, and where the Defendant conducts some business and is therefore subject to personal jurisdiction. It is undisputed, however, that much of the activity in question took place in Brooklyn, New York. Defendant's employment contract called for him to service the Brooklyn, New York area. In fact, Defendant alleges that 98% of his business activities were limited to New York. Any alleged tortious activity is likely to have taken place in New York. Therefore, this action could properly have been brought in the Eastern District of New York.

When assessing a request for transfer of venue, this Court must determine if the interests of justice, convenience of parties, and convenience of witnesses merit the transfer. 28 U.S.C. § 1404. The burden of proving that the transfer is justified lies on the moving party, in this matter

the Defendant.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  In addition,

when considering the factors that weigh for and against transfer, this Court must look to

undisputed facts and matters of record rather than mere assertions found in the attorney's briefs.

Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 228 (D.N.J. 1996).

 The Third Circuit has considered a variety of factors which may be relevant in a motion

to transfer venue.  These factors are frequently grouped into two categories: public and private

interests.  Private interests include plaintiff's forum preference, defendant's forum preference,

whether the claim arose outside of the current forum, the convenience of the parties as indicated

by their physical and financial condition, the convenience of the witnesses, and the location of

relevant books and records.  Jumara, 55 F.3d at 879.  Public interests include the enforceability

of the judgment, practical considerations, the relative court congestion of the two fora, local

interests in deciding local controversies at home, the public policies of the fora, and the trial

judge's familiarity with the applicable state law in a diversity case.  Id. at 879-80.  All of these

factors may be balanced to determine if the requested venue would better serve the interests of

justice than the current forum.

 The first private interests to consider are the preferences of the plaintiff and defendant.

The Third Circuit previously held that when considering a request for transfer of venue,

significant weight must be given to Plaintiff's initial choice of forum, as it "is a paramount

consideration in any determination of a transfer request." Shutte v. Armco Steel Corp., 431 F.2d

22, 25 (3d Cir. 1970); Ramada Worldwide, Inc. v. Bellmark Sarasota Airport, LLC, 2006 WL

1675067, at *2 (D.N.J. June 15, 2006).

 A plaintiff's interest in getting to choose the forum may be reduced when the central facts

at issue take place outside of the forum.  In re Consolidated Parlodel Litigation, 22 F. Supp. 2d

320, 323-24 (D.N.J. 1998).  Here, much of behavior in question appears to have taken place in

New York rather than in New Jersey.  At least some of the dispute, however, involves facts

which took place in New Jersey.  The terms of the employment agreement which is in dispute

were negotiated in New Jersey.  In addition, it is undisputed that Defendant serviced at least four

accounts based in Union City, New Jersey, and would travel on occasion to Plaintiff's New

Jersey office.  The action is in the current forum based on more than the bare minimum of

contacts.  There is no reason to disregard Plaintiff's preference in favor of Defendant's preferred

forum.  Cf. Ricoh Co., Ltd. v. Honeywell Inc., 817 F. Supp. 473, 481-82 (D.N.J. 1993)

(disregarding plaintiff's choice of forum when only connection between forum and subject of

litigation was sale of products by defendant in the state); Sadler v. Hallsmith SYSCO Food

Services, 2009 WL 1096309, at *4-5 (D.N.J. 2009) (finding that plaintiff's choice of forum

weighed against transfer  when plaintiffs resided in forum and had witnesses located in forum

despite majority of facts being outside the state).

        The second private interest to consider is the convenience of the parties.  There are no

facts on the record that establish that the District of New Jersey is more inconvenient for

Defendant than the Eastern District of New York would be for plaintiff.  Defendant argues that

New York is more convenient as he is a New York resident, while Plaintiff argues that New

Jersey, where it resides, is more convenient.  Defendant's residence in Staten Island, New York

is relatively close to this Court in Trenton, New Jersey (approximately 52 miles separate the

two).  The current forum is easily accessible to the Defendant by car or train.  Thus, the burden

that would be placed on the Defendant by requiring him to travel between New York and New

Jersey is small.

The third private interest, and perhaps the most important, is the convenience of non-party witnesses. Defendant claims that almost all of the witnesses that he will call are located in Brooklyn, New York, and that it is particularly inconvenient for them to travel to New Jersey as many of them are Brooklyn public school employees who must be present in Brooklyn during the school day. In contrast, Plaintiff argues that its witnesses are located in New Jersey, and that it would be equally inconvenient for them to have to travel to New York. Finally, both parties have noted that it is possible that representatives of Cherrydale may be called as witnesses. Cherrydale is a Pennsylvania based company with representatives nationwide. While the facts leave it unclear which fora would be optimal for representatives of Cherrydale, New Jersey is physically closer to Cherrydale's headquarters.

In addition, when considering the convenience of witnesses, the proximity of this Court to the location of the witnesses must again be noted. Brooklyn and the Eastern District of New York are only approximately seventy miles from this Court in Trenton, New Jersey. Indeed, the Third Circuit has found that the inconvenience of witnesses may only be considered to the extent that the witnesses would be unavailable for trial in the forum. Jumara, 55 F.3d at 879. Given the proximity of the witnesses and the fact that Brooklyn is within this Court's subpoena power, there is little reason to believe that transfer of venue will substantially reduce the inconvenience to non-party witnesses or that Defendant's witnesses will not be available for trial in this forum. See Celgene Corp. v. Abrika Pharmaceuticals, Inc., 2007 WL 1456156, at *5 (D.N.J. May 7, 2007) (finding little evidence of increased convenience due to proximity of forum to District of Delaware).

Finally, the last private interest to consider is the availability of books or records. Defendant has not indicated that there are any relevant records that would not be available or that would be inconvenient to produce in this forum. Thus, on the whole, the private interests do not indicate that the interests of justice would be better served by a transfer of venue to the Eastern District of New York.

In addition to the aforementioned private interests, this Court must consider the relevant public interests. First, there is no reason to believe that a judgment entered in this Court would not be executed in New York. Any judgment entered in this state would be afforded full faith and credit by the state of New York. Second, there are no practical considerations that suggest that trial in the Eastern District of New York would be faster, cheaper or simpler than in this Court. Defendant has not alleged that the docket of the Eastern District of New York is significantly less congested than the District of New Jersey. Third, this controversy is not inherently local in nature. While Defendant resides in New York and the performance of his contractual duties took place in New York, the contract appears to have been negotiated in New Jersey and Defendant was employed by and was representing a New Jersey resident.

Defendant argues that the Eastern District of New York should handle the case because it is more familiar with New York state law. This argument is based on the assumption that New York, rather than New Jersey, law should be applied. However, the appropriate law to be applied is still in dispute and the accuracy of this assumption is uncertain.[1] It may well ultimately be

---

[1]Because jurisdiction in this action is based in diversity, this court must apply New Jersey's choice of law rules. In contract disputes, New Jersey no longer follows the traditional rule that the place where the contract was entered into determines the rights and obligations of the parties but instead applies the law of the state that has the most significant connection with the parties and the transaction. State Farm Mut. Auto. Ins. Co. v. Estate of Simmons, 84 N.J. 28,

appropriate to apply the law of New Jersey.  Even if Defendant is correct, the possible

applicability of New York law is insufficient on its own to justify a transfer of venue from New

Jersey to New York.

        Because Defendant has not shown that a transfer of venue to the Eastern District

of New York is necessary to serve the interests of justice and for the convenience of parties and

witnesses, this Court will deny the Motion to Transfer Venue.

---

36-37 (1980); Keil v. National Westminster Bank, Inc., 311 N.J. Super. 473, 484-485 (App. Div.
1998).  This approach allows for the consideration of factors such as the place of contracting, the
place of negotiation of the contract, the place of performance, the location of the subject matter
of the contract, and the residence of the parties.  Keil, 311 N.J. Super. at 485.

        In addition, there is a presumption  that the law of the place of contracting should apply
unless another state has a dominant relationship with the parties or the underlying issues because
it "generally comport[s] with the reasonable expectations of the parties."  National Utility
Service, Inc. v. Chesapeake Corp., 45 F. Supp. 2d 438, 447 (D.N.J. 1999); Keil, 311 N.J. Super.
at 484.

## **CONCLUSION**

For the foregoing reasons, and for good cause shown,

IT IS on this 1st day of October, 2009,

ORDERED that Defendant's Motion to Transfer Venue, [7], is DENIED.


s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.